UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LISA GALAGE,

                          Plaintiff,

          -against-                               OPINION

CAROLYN COLVIN, *Commissioner of the Social*      15 Civ. 3305 (GBD) (RLE)
*Security Administration*,

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Lisa Galage seeks review by this Court of the Commissioner of Social Security's ("Commissioner") determination that she is not disabled within the meaning of the Social Security Act. (Compl., (ECF No. 1).)

      Defendant moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Motion, (ECF No. 7); Mem. of Law ("Mem."), (ECF No. 8).) Defendant also moved, in the alternative, for summary judgment pursuant to Rule 56.1. (*See id.*)

      Before this Court is Magistrate Judge Ronald L. Ellis's October 23, 2015 Report and Recommendation ("Report"), in which he recommended that this Court grant Defendant's motion to dismiss the Complaint because Plaintiff's claim was untimely under 42 U.S.C. § 405(g) and Plaintiff was not entitled to equitable tolling. (*See* Report at 6.) This Court adopts that recommendation.[1]

      This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt

---

[1] As the Report reasoned, because "the Commissioner's defense is 'based exclusively on dates contained within the complaint' and the appended Appeals Counsel notice," the Motion is appropriately considered under the standard of Rule 12(b)(6). (Report at 4 (citing *Rodriguez v. Astrue*, No. 10 Civ. 9644 (PAC) (JLC), 2011 WL 7121291, at *2 (July 25, 2011 S.D.N.Y.)).)

the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson*, 618 F. Supp. at 1189); *Wilds v. United Parcel Service, Inc.*, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" (internal citations and quotation marks omitted).).

Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 8); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As of the date of this Order, no objection to the Report has been filed. The Court is satisfied that the Report contains no clear error and adopts the Report in its entirety.

Plaintiff commenced this action four days after 42 U.S.C. § 405(g)'s sixty-day statute of limitations had tolled. (*See* Report at 4 (citing *Rodriguez*, 2011 WL 7121291, at *3 (strictly construing the Act's sixty-day statute of limitations because it is a condition on the waiver of sovereign immunity) (internal citation omitted)).) Plaintiff is not entitled to equitable tolling because she has "neither demonstrated reasonable diligence" in pursuing her claim nor pleaded facts that constitute the "extraordinary circumstances" contemplated by the doctrine. (*See id.* at 7 (citing *Rodriguez*, 2011 WL 7121291, at *4).) Defendant's 12(b)(6) motion to dismiss the Complaint is GRANTED.

This Order resolves the motion at ECF No. 7.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated: New York, New York
January 7, 2016

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

2